NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.S.T., LLC, | : |
| | : |
| Plaintiff, | :    Civ. No. 07-795 (JAP) |
| | : |
| v. | : |
| | :    **OPINION** |
| CARVIN PALLENBERG, et al., | : |
| | : |
| Defendants. | : |

PISANO, District Judge.

Plaintiff A.S.T., LLC ("Plaintiff" or "AST") brought this action against Defendants

Carvin Pallenberg ("Pallenberg"), Riteway, LLC ("Riteway") and various unnamed persons and

corporations (together "Defendants") seeking relief for (1) Pallenberg's alleged breach of his

Non-Competition and Confidentiality Agreement with AST and (2) Riteway's alleged tortious

interference with the contract between AST and Pallenberg, and with AST's prospective

economic advantage.  Currently before the Court is Defendant Riteway's Motion to Dismiss for

Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  For the

reasons stated below, Riteway's motion is granted and Riteway is dismissed as a party to this

action.

## I.  BACKGROUND

AST is New Jersey Limited Liability Company engaged in the business of repairing

tennis courts and selling crack repair systems for tennis courts.  (Compl. ¶ 1).  Pallenberg, a

Connecticut resident, worked for AST as a salesperson from June 11, 2002 to September 15,

2006.  (*Id.* ¶¶ 2, 7).  On or about June 6, 2002, AST and Pallenberg entered into a Non-Competition and Confidentiality Agreement (the "Agreement") which, *inter alia*, barred Pallenberg from disclosing confidential information and trade secrets concerning AST and its business during the term of Pallenberg's employment with the company.  The Agreement further provided that, in the event that AST terminated Pallenberg's employment, Pallenberg could not disclose confidential information or engage in, develop, manage or own any business of the same or a similar nature to AST's business for a period of five years.  (*See* Compl., Ex. A at 1-2).

AST alleges that after the parties' employment relationship ended—AST and Pallenberg dispute whether he resigned or was terminated—Pallenberg, in violation of the Agreement, formed Riteway in order to solicit business from AST customers, divert business away from AST, and compete directly with AST.  (Compl., ¶¶ 3, 14-16, 19).  Based on these allegations, AST filed a seven-count Complaint in the Superior Court of New Jersey, Monmouth County, Chancery Division asserting claims for breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty, breach of duty of loyalty, injunctive relief, tortious interference with contract, and tortious interference with prospective economic advantage.[1]  The tortious interference claims implicate Defendant Riteway.

Riteway is a Limited Liability Company formed by Thomas Hinding ("Hinding") in 2006 under the laws of the State of New York.  According to Hinding, Riteway has not yet conducted any business, has no offices, agents, employees, property, bank accounts or telephone listings in New Jersey, has not appointed an agent for service of process in New Jersey, has not sold any

---

[1] Defendants removed the case to federal court on the grounds that there is federal jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

products in the forum state, and has not entered into any contracts or transacted any business in New Jersey.  (March 19, 2007 Certification of Thomas Hinding at ¶¶ 2-5).  Based on Hinding's representations, Riteway argues that it has had no contacts with New Jersey and, therefore, is not subject to personal jurisdiction in the forum.

AST does not dispute Hinding's statement that Riteway has not conducted any business in New Jersey.  Plaintiff argues, however, that Riteway must be conducting some business (albeit not in New Jersey) because an attorney purporting to represent Pallenberg and Riteway sent a letter to AST demanding that it cease and desist informing clients that Pallenberg is subject to a confidentiality and non-competition agreement because doing so has "damaged the business relations of Mr. Pallenberg and Riteway, LLC."  (Certification of Daniel Clapp, Ex. G).  Further, AST points out that Hinding has significant contacts with the State of New Jersey.  Hinding is the principal of a business entity called Hinding Sealcoating, which is located in Connecticut and does business in New Jersey.  Over the past seven years, Hinding Sealcoating has purchased products from AST and, in some instances, arranged to pick up the products at AST's offices in New Jersey.  AST argues that Hinding's contacts with New Jersey are "significant and continuous" and that his contacts provide a sufficient basis upon which to assert personal jurisdiction over Riteway in New Jersey.

## II. DISCUSSION

### A. Standard of Review

"[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).  "[O]nce

3

the defendant raises the question of personal jurisdiction," however, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Id.* at 146.

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987); *see also* Fed. R. Civ. P. 4(e). The New Jersey long-arm rule, New Jersey Court Rule 4:4-4(c), "extends to the limits of the Fourteenth Amendment Due Process [Clause] protection." *Carteret Sav. Bank*, 954 F.2d at 145. In accordance with that protection, a court may exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted).

Whether sufficient minimum contacts exist to assert personal jurisdiction depends upon the "nature of the interactions and type of jurisdiction asserted." *Telcordia Tech, Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). For instance, where the cause of action "does not arise out of or relate to the [defendant]'s activities in the forum state," but the defendant has "continuous and systematic" contacts with the forum state sufficient to confer personal jurisdiction, a court is said to exercise general jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.9 (1984). On the other hand, a court exercises specific jurisdiction when the defendant has limited contacts with the forum state but the suit against him arises out of or relates to those contacts. *Id.* at 414 n.8. Regardless of whether a plaintiff asserts personal jurisdiction under the general or specific jurisdiction theory, a

4

plaintiff must demonstrate that the defendant "has purposefully directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

A third concept under which a court may find that personal jurisdiction exists is the "effects test" established in *Calder v. Jones*, 465 U.S. 783, 789 (1984). Under the effects test, "a court may exercise personal jurisdiction over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum." *IMO Indus., Inc.*, 155 F.3d at 261. Under the law of this Circuit, the effects test requires a plaintiff to demonstrate that:

> (1) The defendant committed an intentional tort;
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to the be the focal point of the tortious activity.

*Id.* at 265-66. A plaintiff's mere assertion "that the defendant knew that the plaintiff's principal place of business was located in the forum [is] insufficient" to satisfy the third prong of the test. *Id.* at 265.

### B. Analysis

### 1. AST Has Not Established General or Specific Jurisdiction

Plaintiff's argument regarding general jurisdiction hinges exclusively on what it describes as Hinding's significant and continuous contacts with New Jersey. What AST fails to

5

acknowledge, however, is that, although Hinding is Riteway's President, his contacts with the forum are not attributable to Riteway. Indeed, by Plaintiff's own admission, Hinding's contacts with New Jersey relate to his other business venture, Hinding Sealcoating. Thus, Hinding's contacts with the forum cannot serve as the basis for an assertion of general jurisdiction over Riteway. In support of its argument for specific jurisdiction, AST argues that "Hinding has been working in concert with Carvin Pallenberg on this new venture in violation of Pallenberg's restrictions contained in the covenant not to compete." (Pltf's Br. at 14). Again, Plaintiff mistakenly attributes Hinding's conduct to Riteway in an attempt to assert personal jurisdiction over Riteway in a forum with which Riteway has no contacts. To the extent that Plaintiff wishes to assert claims against Hinding, who appears to be subject to personal jurisdiction in this forum, Plaintiff is free to amend its Complaint to add those claims. Hinding's contacts, however, are insufficient to demonstrate that Riteway is subject to personal jurisdiction in New Jersey.[2]

Further, the Court notes that the letter from Riteway's counsel to AST—the only contact that Riteway has had with the State of New Jersey—is patently insufficient to support an assertion of personal jurisdiction. Indeed, evidence that a Riteway representative sent a single letter to AST's offices in New Jersey falls far short of establishing the type of "continuous and systematic" contacts that are necessary for a finding that general jurisdiction exists.

---

[2] Plaintiff also argues that the "unique relationship between Pallenberg, AST and Hinding" somehow justifies a finding that Riteway is subject to personal jurisdiction in New Jersey. The Court is unaware of any authority—and Plaintiff has cited none—standing for the proposition that the unique nature of a relationship between a co-defendant, the plaintiff and a non-party could give rise to personal jurisdiction in a forum with which the defendant has no contacts. As explained above, the controlling question in the personal jurisdiction analysis is whether Riteway has minimum contacts with the forum. Plaintiff's "relationship" argument does not address that question and the Court finds it meritless.

*Helicopteros*, 466 U.S. at 414-15.  Even assuming that a single letter could confer specific

personal jurisdiction over a party, the cause of action here does not arise out of or relate that

contact with the forum.  Thus, the letter does not give rise to specific jurisdiction.  *See id.* at 414

n.8.   Moreover, even if, as AST claims, the contents of the letter serve as evidence that Riteway

"has been conducting some type of business," AST fails to show, or even allege, that Riteway has

conducted business within the forum.  That Riteway has transacted business in other states is

entirely irrelevant to the question of whether Riteway has "certain minimum contacts with [the

forum state] such that the maintenance of the suit does not offend traditional notions of fair play

and substantial justice."  *Int'l Shoe, Co.*, 326 U.S. at 316.  As such, AST's claim that Riteway has

conducted some business activity somewhere in the country cannot support its assertion that

Riteway is subject to personal jurisdiction in this forum.

### 2.  *AST Cannot Establish Jurisdiction Under the Effects Test*

Next, Plaintiff contends that Riteway is subject to personal jurisdiction under the effects

test because New Jersey is the focal point of Riteway's tortious conduct.  The critical question in

this inquiry is whether AST has identified acts undertaken by Riteway which demonstrate that

Ritway expressly aimed its allegedly tortious conduct at New Jersey.  In support for its argument

that Riteway has directed its conduct at the forum, AST focuses on the following:  (1) Hinding,

Riteway's President, knew that Riteway's attempts to win business from AST's customers would

harm AST in New Jersey; (2) Hinding and Pallenberg stole AST's customer lists, in violation of

the Agreement; and (3) Riteway is now soliciting business from the customers on AST's

customer list.

As an initial matter, Riteway maintains that it has not engaged in any business activities

7

in any state, let alone in New Jersey.  Even assuming, however, that Riteway has some engaged in some business activities, AST has failed to show that Riteway expressly aimed its tortious conduct at the State of New Jersey.  First, Hinding's mere knowledge that AST's principal place of business is in New Jersey and that Riteway's attempts to win business from AST's clients might harm Plaintiff in New Jersey does not show that Riteway "expressly aimed" its conduct at the forum.  *IMO Indus., Inc.*, 155 F.3d at 265.  Second, even if the alleged misappropriation of AST's customer list by Hinding and Pallenberg is attributable to Riteway, this conduct was not "intentionally targeted at and focused on the forum."  *Id.*  To the contrary, it is a mere fortuity that AST is both located in New Jersey and the subject of the alleged tortious conduct.  Third, as discussed above, even if Riteway is soliciting business from customers on AST's customer list, AST has not shown that Riteway has transacted business in New Jersey or had any other contacts with the forum.  Thus, AST has not demonstrated that Riteway made "some type of entry into the forum state" or "expressly aimed" its conduct at New Jersey.  *Id.* at 265-66.  Accordingly, the Court rejects AST's argument that Riteway is subject to personal jurisdiction in New Jersey under the effects test.

Having accepted all of Plaintiff's allegations as true and viewed disputed facts in the light most favorable to AST, the Court finds that AST has not proven, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction over Riteway in New Jersey.  Accordingly, the Court dismisses Riteway as a party to this action.  To the extent that Plaintiff wishes to pursue claims against Riteway, it must do so in another judicial forum.

8

**III.  CONCLUSION**

For the reasons expressed above, the Court grants Riteway's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  An appropriate order accompanies this opinion.


/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  June 25, 2007