NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
A.S.T., LLC,                        :
                                    :
       Plaintiff,                  :  Civ. No. 07-795 (JAP)
                                    :
  v.                                :
                                    :  **OPINION**
CARVIN PALLENBERG and RITEWAY, LLC, :
                                    :
       Defendants.                 :
_____ :

APPEARANCES:

David A. Krenkel, Esq.
Copper Gables Professional Building
1001 Deal Road
Ocean Township, New Jersey 07712
    *Attorney for Plaintiff, A.S.T., LLC*

Anthony J. Sylvester, Esq.
Jonathan P. Vuotto, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962
    *Attorneys for Defendants, Carvin Pallenberg and Riteway, LLC*

PISANO, District Judge.

      On June 25, 2007, this Court entered an Opinion and Order granting a motion to dismiss for lack of personal jurisdiction brought by Defendant Riteway, LLC ("Riteway"). Accordingly, the Court dismissed the claims asserted by Plaintiff A.S.T., LLC ("Plaintiff") against Riteway. Presently before the Court are Plaintiff's motions for reconsideration of that June 25, 2007 Order

and for leave to file an Amended Complaint to add as defendants Thomas Hinding ("Hinding") and Hinding Tennis, LLC ("Hinding Tennis"). For the following reasons, the Court denies Plaintiff's motion for reconsideration. In addition, the Court grants in part and denies in part Plaintiff's motion for leave to amend its Complaint. Plaintiff may seek leave to amend its Complaint to add as a defendant Hinding Tennis.

**I.     BACKGROUND**

This cause of action is based on allegations that Defendant Carvin Pallenberg ("Pallenberg"), Plaintiff's former employee, breached his Non-Competition and Confidentiality Agreement ("the Agreement") with Plaintiff and that Riteway tortiously interfered with the contract between Plaintiff and Pallenberg, and with Plaintiff's prospective economic advantage. The factual bases for these allegations have been set forth at length in the Court's June 25, 2007 Opinion. Accordingly, the Court reiterates here only those facts relevant to Plaintiff's motions for reconsideration and for leave to amend its Complaint.

Plaintiff's Complaint originally asserted allegations against Riteway, a Limited Liability Company formed in November 2006 by Hinding under the laws of the State of New York. Hinding is a Member and President of Riteway, and a Connecticut resident. Hinding is also the owner of Hinding Tennis. Both Plaintiff and Riteway are engaged in the business of repairing tennis courts and selling crack repair systems for tennis courts. Plaintiff alleges that Pallenberg breached the Agreement with Plaintiff by forming Riteway and thereby soliciting business away from Plaintiff's customers. As a result, Plaintiff's Complaint asserted a tortious interference claim against Riteway.

On June 25, 2007, the Court granted Riteway's motion to dismiss for lack of personal

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In its Opinion, the Court found that Plaintiff failed to establish that the Court maintained general or specific jurisdiction over Riteway. In addition, the Court concluded that Plaintiff similarly failed to establish that Riteway is subject to personal jurisdiction under the effects test. The Court thereby dismissed Plaintiff's claims asserted against Riteway.

Presently, Plaintiff moves for a reconsideration of that Opinion and Order dismissing Riteway as a party. To support this motion, Plaintiff asserts that it has found new evidence previously unavailable that establishes that Riteway has sufficient contacts with New Jersey such that the Court may exercise personal jurisdiction over Riteway. Specifically, Plaintiff proffers a June 4, 2007 letter from Pallenberg, as a representative of Hinding Tennis, to Ramsey High School, a New Jersey school, offering to sell "Riteway Crack Repair." (Daniel Clapp Certification July 5, 2007 ("Clapp Certif.") Ex. A). In addition, Plaintiff asserts that one of its customers, DiMilia Sports Surfacing, LLC, ("DiMilia") which is located in Hopatcong, New Jersey, reported to Plaintiff that it "recently" purchased Riteway's product. (Clapp Certif. ¶ 3). Based on this new evidence, Plaintiff argues that Riteway offers it product in New Jersey, and, thus, the Court should reconsider its previous Opinion and now hold that it has personal jurisdiction over Riteway.

In addition, Plaintiff also moves for leave to amend its Complaint to assert claims against Hinding and Hinding Tennis. Plaintiff seeks to allege that Hinding and Hinding Tennis conspired to tortiously interfere with the contract between Plaintiff and Pallenberg. To support this new allegation, Plaintiff proffers the June 4, 2007 letter from Pallenberg on behalf of Hinding Tennis, its certification that one of its customers bought Riteway's product in New

Jersey, and the fact that Hinding is the President and Member of Riteway, and the owner of Hinding Tennis.

Pallenberg and Riteway (collectively, "Defendants") oppose the motions. In respect of the motion for reconsideration, Defendants argue that Plaintiff's purported new evidence is insufficient to establish personal jurisdiction over Riteway. In respect of Plaintiff's motion for leave to amend its Complaint, Defendants assert that the proposed amendments would be futile. Specifically, Defendants argue that Hinding, individually, is not a proper party to this action because a corporate director or officer does not generally incur personal liability for torts of the corporation. In addition, Defendants submit that Plaintiff cannot maintain a claim against Hinding Tennis because the mere allegation that Hinding Tennis is Plaintiff's competitor is insufficient to establish causation between the competition and the alleged harm suffered by Plaintiff. Finally, Defendants contend that permitting Plaintiff to amend its Complaint would unduly prejudice Defendants and the proposed defendants.

## II. DISCUSSION

### A. Motion for Reconsideration

#### 1. *Standard of Review*

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). L. Civ. R. 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for reconsideration. *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest

injustice." *Id.* at 1218 (internal quotation and editing marks omitted).  The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Ibid.* (internal quotation marks omitted).  In the event a party bases its motion for reconsideration on newly discovered evidence, a court need not "consider evidence which could and should have been submitted earlier." *Lentz v. Mason*, 32 F. Supp. 2d 733, 751 (D.N.J. 1999).

      2.    *Analysis*

Plaintiff seeks the Court to reconsider its June 25, 2007 Opinion and Order dismissing Riteway as a defendant for lack of personal jurisdiction and argues that new evidence of Riteway's contacts with New Jersey is now available that was not previously available.  Defendants oppose the motion, contending that the new evidence is not admissible and, even if it were, it is insufficient to establish that Riteway maintains sufficient contacts with the forum state.  The Court agrees and finds that Plaintiff's proffered new evidence is insufficient to establish that the Court maintains personal jurisdiction over Riteway.

As an initial matter, the Court finds that newly discovered evidence of alleged contacts made by Riteway, although it was unavailable at the time of the Court's original decision, cannot be used to establish that the Court maintains personal jurisdiction over Riteway.  The proffered newly discovered evidence involves alleged contacts made after the filing of Plaintiff's Complaint.  Significantly, "personal jurisdiction depends on the defendant's contacts with the forum state *at the time the lawsuit was filed*[.]"  *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-*

*Gestione Motonave Achille Lauro Amministrazone Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991) (emphasis supplied). Thus, although newly available evidence that had previously been unavailable may generally warrant a granting of a motion for reconsideration, the Court cannot consider Plaintiff's new evidence to reconsider its previous Opinion. Indeed, Plaintiff's proffered evidence is inapplicable to determine whether the Court may exercise personal jurisdiction over Riteway.

Furthermore, even if the Court were to consider the evidence now submitted by Plaintiff, such evidence would not change the Court's previous conclusion that personal jurisdiction over Riteway does not exist. *See Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 635 (D.N.J. 1996) (finding that, even if court were to consider evidence which could and should have been submitted earlier, that evidence "would not disturb the court's determination").

The Court first considers the June 4, 2007 letter from Pallenberg, on behalf of Hinding Tennis, to Ramsey High School, offering to sell Riteway's crack repairing product. Although Plaintiff seeks to use that letter to establish a contact between Riteway and New Jersey, the letter is merely a proposal from Hinding Tennis, not Riteway, to use Riteway's product. The letter does not establish that Riteway itself solicited customers in New Jersey or even that Hinding Tennis used Riteway's product in New Jersey. This letter alone does not support a finding that Riteway purposefully availed itself of the rights and privileges of New Jersey.

As recognized in this Court's previous Opinion, regardless of whether a plaintiff asserts personal jurisdiction under the general or specific jurisdiction theory, a plaintiff must demonstrate that the defendant "has purposefully directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting

activities within the forum state, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Here, a letter proposing work to be performed by Hinding Tennis, even if that proposed work would use Riteway's product, does not establish that Riteway itself directed any activity towards this state.

Moreover, the letter fails to meet the effects test enunciated in *Calder v. Jones*, 465 U.S. 783, 789 (1984). To meet the three-pronged standard, a plaintiff must establish, *inter alia*, that the "defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *Id.* at 265-66. Again, this letter from Hinding Tennis, not Riteway, cannot establish that Riteway expressly aimed any conduct, let alone the alleged tortious conduct, at New Jersey. Accordingly, the Court finds the June 4, 2007 letter insufficient to establish personal jurisdiction over Riteway.

Moreover, the Court finds that Plaintiff's certification of Daniel Clapp ("Clapp"), Plaintiff's owner and sole member, averring that one of Plaintiff's New Jersey customers, DiMilia, purchased a product from Riteway is insufficient to require the Court to reconsider its June 25, 2007 Opinion. Although Clapp avers in his certification dated July 5, 2007 that he was "*recently* contacted" by DiMilia, whose owner informed Clapp that he "*recently* purchased" a product from Riteway, (Clapp Certif. ¶ 3 (emphasis supplied)), Plaintiff does not establish that this evidence was previously unavailable during the pendency of Riteway's motion to dismiss. Indeed, the party moving for reconsideration "must show that any new evidence presented to the court was unavailable or unknown at the time of the original hearing." *Damiano*, *supra*, 975 F. Supp. at 636 (internal quotation marks omitted). Here, Plaintiff does not attempt to make such a

showing; Plaintiff does not provide the dates on which DiMilia informed Clapp of the purchase or on which DiMilia allegedly purchased the Riteway product.

Furthermore, even if the Court were to consider this evidence, Clapp's certification—considered either alone or together with the June 4, 2007 letter—does not establish that the Court maintains personal jurisdiction over Riteway. Assuming the veracity and admissibility of DiMilia's assertion that it purchased a product from Riteway, a one-time sale to a New Jersey company is insufficient to establish continuous and systematic contacts with New Jersey such that general personal jurisdiction exists.

Finally, Plaintiff's new evidence is insufficient to establish specific personal jurisdiction. Specific jurisdiction exists if: (1) the defendant had "purposefully directed his activities at the forum[;]" (2) the plaintiff's claim "arise[s] out of or relate[s] to at least one of those specific activities[;]" and (3) the exercise of jurisdiction "comports with fair play and substantial justice." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal citations, quotation and editing marks omitted). Here, Plaintiff's claim fails in respect of the first and third prongs of the specific jurisdiction standard. As noted above, the June 4, 2007 letter does not show that Riteway purposefully directed its activities at New Jersey. Further, the uncorroborated assertion that a New Jersey company purchased a Riteway product cannot establish that Riteway purposefully directed its activities at this state or that the exercise of jurisdiction would comport with fair play and substantial justice.

Accordingly, the Court finds that Plaintiff's proffered new evidence does not require the Court to reconsider its June 25, 2007 Opinion and Order. A consideration of such evidence does not undercut the Court's prior finding that it does not exercise personal jurisdiction over

Riteway. The Court, thus, denies Plaintiff's motion for reconsideration.

### B. Motion for Leave to Amend

#### 1. *Standard of Review*

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Despite this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, bad faith, futility, or prejudice. *Hill v. Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin*, *supra*, 227 F.3d at 121. In addition, a court may find that granting leave to amend may unduly prejudice another party by considering "whether an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

#### 2. *Analysis*

Plaintiff moves to amend its Complaint to add two additional defendants: Hinding, the President and Member of Riteway, and the owner of Hinding Tennis; and Hinding Tennis. Plaintiff seeks to assert tortious interference claims against these proposed defendants, alleging that they conspired to tortiously interfere with Plaintiff's contract with Pallenberg, and with Plaintiff's prospective economic advantage. Defendants oppose the motion, contending that any such amendment would be futile. According to Defendants, such claims could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted. In addition, Defendants submit that permitting Plaintiff to amend its Complaint would be prejudicial to them.

Considering Plaintiff's proposed Amended Complaint, the Court finds that Plaintiff cannot sustain an action against Hinding.  According to Plaintiff's proposed Amended Complaint, it appears that Plaintiff to seeks to hold Hinding personally liable for the alleged torts of those companies of which Hinding is a director or officer.  However, a director or officer does not incur personal liability for the torts of a corporation based on the official position.  *Garfinkel v. Morristown Obstetrics & Gynecology Assoc., P.A.*, 333 N.J. Super. 291, 306 (App. Div. 2000), *rev'd on other grounds*, 168 N.J. 124 (2001).  Rather, a director or officer may be personally liable if he or she: (1) commits a tort in his or her individual capacity; (2) directs the tortious act; or (3) participates or cooperates in the commission of the tort.  *Id.* at 306-07.  A predicate to personal liability under the participation theory is that "the corporation owed a duty of care to the victim, the duty was delegated to the officer[,] and the officer breached the duty of care by his own conduct."  *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 303 (2002).  These principles apply "where the conduct constitutes unfair competition."  *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978).

Here, however, nothing in Plaintiff's proposed Amended Complaint suggests that Hinding personally engaged in the alleged unfair competition apart from his role as President, Member, and owner of corporations that compete in Plaintiff's industry.  Plaintiff does not claim that Hinding authorized or approved of the unfair competition resulting from Pallenberg's alleged breach of the Agreement with Plaintiff.  Hinding neither committed a tort in his individual capacity nor directed, participated, or cooperated in the alleged tortious interference with the Agreement between Pallenberg and Plaintiff or Plaintiff's business relationships.  Accordingly, Plaintiff's proposed Amended Complaint would fail to state a claim against

Hinding.

The Court next considers whether Plaintiff may seek leave to amend its Complaint to assert tortious interference claims against Hinding Tennis. According to the proposed Amended Complaint, Hinding Tennis was aware of the Agreement between Pallenberg and Plaintiff. (Clapp Ex. B ¶ 19). In addition, Plaintiff alleges that "Riteway was formed so that Pallenberg, Riteway, Hinding, and Hinding Tennis could solicit business from the AST customers with whom Pallenberg had material contacts and end users of AST's products." (Clapp Ex. B ¶ 21). To establish that adding Hinding Tennis as a defendant would not be futile, Plaintiff must show that these allegations could withstand a motion to dismiss.

To set forth a claim of intentional interference with a contract, a plaintiff must show: "'(1) actual interference with a contract; (2) that the interference was inflicted intentionally by a defendant who is not a party to the contract; (3) that the interference was without justification; and (4) that the interference caused damage.'" *Syncsort Inc. v. Innovative Routines Int'l, Inc.*, 2008 WL 1925304, *8 (D.N.J. April 30, 2008) (quoting *214 Corp. v. Casino Reinv. Dev. Auth.*, 280 N.J. Super. 624, 628 (Law Div. 1994)). Construing as true all of Plaintiff's allegations set forth in its proposed Amended Complaint, it appears that Plaintiff's claim of tortious interference with a contract against Hinding Tennis may withstand a motion to dismiss. Plaintiff's proposed Amended Complaint sufficiently pleads the four elements of a tortious interference with the Agreement between Plaintiff and Pallenberg.

To state a claim for tortious interference with prospective economic advantage, "'the plaintiff must demonstrate [1] some reasonable expectation of economic advantage, [2] that the defendant's actions were malicious in the sense that the harm was inflicted intentionally and

without justification or excuse, [3] a reasonable probability that the plaintiff would have obtained the anticipated economic benefit and [4] that the injury caused the plaintiff damage.'" *Syncsort Inc.*, *supra*, 2008 WL 1925304 at *19 (quoting *Weil v. Express Container Corp.*, 360 N.J. Super. 599, 613-14 (App. Div. 2003)).  Again, construing as true all of Plaintiff's proposed allegations, the Court finds that Plaintiff's proposed Amended Complaint adequately alleges against Hinding Tennis a claim of tortious interference with prospective economic advantage.

In addition, the Court does not find that Defendants or Hinding Tennis would suffer undue prejudice if the Court granted Plaintiff leave to amend to add this defendant.  Accordingly, because leave to amend should be freely granted in the absence of futility and prejudice, the Court grants Plaintiff's motion for leave to amend its Complaint to add as a defendant Hinding Tennis.  However, the Court denies Plaintiff's motion for leave to amend its Complaint to add as a defendant Hinding.

**III.    CONCLUSION**

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration of the June 25, 2007 Opinion and Order.  The Court grants in part and denies part Plaintiff's motion for leave to file an Amended Complaint.  Plaintiff may amend its Complaint to add Hinding Tennis as a Defendant.  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: May 14, 2008